819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Farris DELAY, Plaintiff-Appellant,
v.
GOVERNMENT EMPLOYEES FINANCIAL CORPORATION, Defendant-Appellee.
 No. 86-1722.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1987.
Decided May 20, 1987.
 
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Edward J. David (Downing, David & Maxwell, on brief), for appellant.
 William Thomas Barnett, Jr. (Michael E. Weddington; William Barnett, Jr.; Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Farris DeLay appeals from an order of the district court granting summary judgment in favor of Government Employees Financial Corporation ("GEFC"). In his diversity action, DeLay alleged that GEFC had libeled him by disclosing to various credit bureaus a financial ledger, which falsely indicated that DeLay had filed for bankruptcy.
 
 
 2
 In granting summary judgment, the district court concluded, inter alia, that some of the alleged defamatory statements were barred by North Carolina's one-year statute of limitations and that the remaining statements were not cognizable under North Carolina libel law. DeLay's principal contention on appeal is that the district court erred in finding that there was no genuine issue of fact precluding a grant of summary judgment. Appellant insists that the pretrial order brought into issue the question of whether his career was harmed by GEFC's disclosure. We disagree.
 
 
 3
 Rule 56(e) of the Fed.R.Civ.P. contemplates that a party opposing summary judgment present affidavits or other evidence of material facts. The pretrial order upon which DeLay relies did nothing more than list witnesses whom he intended to call at trial. It did not ever set forth expected testimony, which may have created an issue of fact. Even if it had, we hold that a pretrial order is not the type of discovery material, such as affidavits, depositions, answers to interrogatories and admissions, that is contemplated by Rule 56.
 
 
 4
 We find the district court's analysis thorough and persuasive. Upon consideration of the record, briefs, and oral argument, we see no error in the court's disposition of the case. Therefore, we affirm the grant of summary judgment in favor of GEFC for the reasons expressed by the district court, Farris DeLay v. Government Employees Financial Corporation, C/A No. 85-133-CIV-3 (E.D.N.C. October 29, 1986).
 
 
 5
 AFFIRMED.